```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

CINCINNATI INSURANCE COMPANY, )
                                 )
    Plaintiff,            )    CIVIL ACTION NO.
                                 )    03-AR-3111-S
v.                              )
                                 )
TIMOTHY TERRELL, et al.,    )
                                 )
    Defendants.          )

**MEMORANDUM OPINION**

In the above-entitled action, an insurer seeks a declaration pursuant to 28 U.S.C. §§ 2201, *et seq.*, that a homeowner's policy it issued does not cover the potential liability of the homeowner for the death of a sixteen-year-old guest, Zachary Casciaro. Before the court are two motions to dismiss: the first (Doc. #6) is by defendants Ralph and Mary Casciaro ("Casciaroes"), the parents of the deceased; and the second (Doc. #8) is by the homeowner defendant, Timothy Terrell ("Terrell").[1] In their motions, both defendants assert that plaintiff, Cincinnati Insurance Company ("CIC"), has failed to invoke this court's diversity jurisdiction, 28 U.S.C. § 1332, because it has failed to establish an amount in controversy exceeding $75,000. Specifically, defendants point to a recent Eleventh Circuit case,

---

    [1] The Casciaroes and Terrell are referred to herein collectively as "defendants."

*Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805 (11th Cir. 2003), for the proposition that unless an insurer proves that its policy limits exceed $75,000, the federal court is without subject-matter jurisdiction, despite the complete diversity of the parties. Alternatively, both motions request this court to exercise its discretion to dismiss the declaratory judgment action without prejudice pursuant to *Brillhart v. Excess Insurance Co.*, 316 U.S. 491 (1942).

In a diversity action, the amount in controversy is established at the commencement of the action. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). A plaintiff need only make a good-faith claim of a sufficient sum to satisfy the amount-in-controversy requirement unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount. *Id.* at 288-89.[2] The legal-certainty test makes it difficult for a defendant to obtain a dismissal for

---

[2] The Supreme Court states:

> "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed."

plaintiff's failure to demonstrate the existence of the amount in controversy. *See* 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3702 (3d 1998). When the terms of a contract expressly limit the plaintiff's possible recovery or when a specific rule of substantive law or measure of damages limits the amount of money recoverable by the plaintiff, the legal-certainty test is met. *Id.*

In *Federated Mutual*, the insurance policy underlying the action did not provide the jurisdictional amount because its coverage was limited to $50,000. 329 F.3d at 806. The Eleventh Circuit held that the insurer's potential liability for bad-faith damages did not bring the action within the court's jurisdiction because the damages sought under the bad-faith claim were indeterminate. 329 F.3d at 808. More importantly, the claimant represented that it did not seek and would not accept damages in excess of $74,000. *Id.* Relying on these representations from "officers of this court" who are "subject to sanctions under Federal Rule of Civil Procedure 11 for making a representation to the court for an improper purpose," the Eleventh Circuit held that the court lacked subject-matter jurisdiction. *Id.* (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

Here, CIC represents that both the policy limits and the amount in controversy exceed $75,000. Defendants argue, without authority, that the insurer bears the additional burden of

providing a "declarations page showing policy limits over $75,000." (Doc. #6). However, they make no attempt to dispute the representation by CIC's attorney that the policy limit is over $75,000. Casciaroes have sued Terrell for $10,000,000 -- well over the required amount. Moreover, the amount in controversy in this action must take into account not only the recovery sought in the underlying suit, but also the attorneys' fees sought in that action, see *Federated Mutual,* 329 F.3d at 808 n.4, and the plaintiff's obligation to defend its insured in that action, see *Stonewall Insurance Co. v. Lopez,* 544 F.2d 198, 199 (5th Cir. 1976). It does not appear to a legal certainty that the amount in controversy in the action is less than $75,000. Consequently, subject-matter jurisdiction over this action exists pursuant to 28 U.S.C. § 1332.

Defendants alternative motion for a dismissal under the court's discretionary authority to dismiss actions for declaratory judgment is more persuasive.[3] See *Brillhart v. Excess Ins. Co.,* 316 U.S. 491 (1942). The Declaratory Judgment Act provides that a court **"may** declare rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). In *Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995), the Supreme Court summarized the *Brillhart*

---

[3] CIC neglects to address this ground for dismissal in its response. (Doc. #7).

decision:

> An insurer, anticipating a coercive suit, sought a declaration in federal court of nonliability on an insurance policy. The District Court dismissed the action in favor of pending state garnishment proceedings, to which the insurer had been added as a defendant. The Court of Appeals reversed, finding an abuse of discretion, and ordered the District Court to proceed to the merits. Reversing the Court of Appeals and remanding to the District Court, this Court held that, "[a]lthough the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, it was under no compulsion to exercise that jurisdiction." The Court explained that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." The question for a district court presented with a suit under the Declaratory Judgment Act, the Court found, is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court."

515 U.S. 281-82. The Court went on to hold that considerations of practicality and wise judicial administration permit a district court to dismiss a declaratory judgment action before trial. *Id.* at 288.

The Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241 (1952)); *see also Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 n.17 (1993); *Green v. Mansour*, 474 U.S. 64, 72 (1985). Eleventh

Circuit precedent holds that a district court may refuse jurisdiction if "there is a pending action in which **some** of the questions posed by the declaratory action have or may be raised." *Angora Enter., Inc. v. Condominium Ass'n of Lakeside Village*, 796 F.2d 384, 388 (11th Cir. 1986) (emphasis added). As one court has pointed out, "[t]he relevant determinant is not whether the state court litigation involves the identical issues in form as the federal action, but rather whether the substance of the federally pleaded issues will be resolved in state court." *United States Fid. & Guar. Co. v. Algernon-Blair, Inc.*, 705 F. Supp. 1507, 1514-15 (M.D. Ala. 1988).

    Defendants point out that CIC's complaint here parallels the issues raised in the wrongful-death action pending in state court. They also point out that CIC is providing Terrell's defense in state court. CIC's complaint does not merely involve a contractual dispute. It also seeks to have the tort and criminal liability of Terrell decided. CIC's complaint asserts that the policy issued to Terrell excludes from coverage bodily injuries caused by criminal acts or drug use. CIC anticipates discovery on the coroner's toxicology report, on the deceased's activities at Terrell's home, and on Terrell's culpability. Essentially, CIC seeks to litigate the majority, if not all, of the Casciaroes' wrongful-death action in this court. This raises the specters of possible conflicting rulings, a race to judgment,

and a waste of judicial resources.

Not only are the substance of the federally pleaded issues subject to be decided in the state court, but those issues rest on state law. Alabama tort law governs whether Terrell acted negligently. Alabama insurance law governs the rights and obligations of an insurer under the homeowner's insurance policy issued to Terrell, a policy form that is approved by the Alabama Insurance Department. Deciding state-law torts pursuant to the Declaratory Judgment Act is "almost uniformly" recognized as undesirable. *United Ins. Co. v. Harris*, 939 F. Supp. 1527, 1531 (M.D. Ala. 1996). Doing so usurps the sovereignty of state courts and violates the principles of federalism.

The court will grant the motions to dismiss by separate order. Terrell's motion to stay will be moot.

DONE this __12th__ day of January, 2004.

                                                /s/ William Acker
                                              WILLIAM M. ACKER, JR.
                                              UNITED STATES DISTRICT JUDGE